**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WILLIE JAMES WILSON, JR., | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION  H-11-0365 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254, challenging his parole revocation. Respondent filed a motion for summary judgment (Docket Entry No. 8), to which petitioner filed a response (Docket Entry No. 12).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case for the reasons that follow.

*Background and Claims*

The record shows that petitioner was convicted of burglary of a habitation in 1993 and sentenced to thirty-five years incarceration. (Docket Entry No. 8, Exhibit A, p. 3.) He was released to parole on March 10, 2004. In August of 2009, he was arrested for driving while intoxicated ("DWI"), for which he was convicted and sentenced on March 1, 2010. Based on the new conviction, the Texas Board of Pardons and Paroles (the "Board") revoked petitioner's parole as of April 1, 2010, and returned him to prison on April 27, 2010. *Id*.

Petitioner filed an application for state habeas relief, but the trial court took no action and the application was deemed denied under state law. The application was transferred to the Texas Court of Criminal Appeals, where it was denied without a written order.

In the instant federal petition, petitioner challenges his parole revocation under the following grounds:

(1) Petitioner was denied due process when the Board revoked his parole release without a preliminary or final hearing.

(2) Petitioner's *ex post facto* protections were violated because

    (a) The Board failed to restore his lost good time credit upon his return to custody and he was not re-released to parole after ninety days in accordance with Senate Bill 1167; and

    (b) The Board unlawfully applied a new policy by assessing his next parole review at a two-year "set-off."

Respondent argues that these habeas grounds are without merit and should be dismissed with prejudice.

## *The Applicable Legal Standards*

A. <u>Habeas Review</u>

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme

Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the

3

presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31.

    B.    <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

*Analysis*

A.  <u>Denial of Preliminary and Revocation Hearings</u>

Petitioner claims that the Board's revocation of his parole denied him due process because no preliminary hearing was held and his waiver of a revocation hearing was made involuntarily. Petitioner asserts in support that, because he is dyslexic and cannot read or write, he did not know he was acknowledging his violations of parole and waiving his right to a hearing.

Parole revocation proceedings are not criminal cases and the "full panoply" of rights due a criminal defendant in criminal cases are not extended to parole revocations. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). Parole revocation proceedings must provide a parolee only the following minimum due process requirements: (1) written notice of the alleged parole violations; (2) disclosure of the incriminating evidence; (3) an opportunity to appear at the hearing and present witnesses and documentary evidence; (4) the conditional right to cross-examine and confront witnesses; (5) a neutral decision maker; and (6) a written statement as to the evidence relied upon and the reasons for revoking parole. *Id*. at 484–90; *see also Barnes v. Johnson*, 184 F.3d 451 (5th Cir. 1999).

The right to a revocation hearing can be waived, if done so knowingly and voluntarily. *See* FED. R. CRIM. P. 32.1(b)(1)(A) (holding that a federal parolee can waive hearing mandated by due process); TEX. GOV'T CODE § 508.281. The standard for establishing the valid waiver of a constitutional right was set out by the Supreme Court in *Johnson v. Zerbst*,

304 U.S. 458, 464 (1938). Regarding the Sixth Amendment right to counsel, the *Zerbst* Court found "[t]he determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson*, 304 U.S. at 464; *see also Fitzgerald v. Estelle*, 505 F.2d 1334, 1343 (5th Cir. 1974) (holding that the *Zerbst* standard applies only when rights under the federal Constitution are at issue).

The record in the instant case shows that, on August 26, 2009, petitioner was arrested on alleged parole violations for DWI and failing to abstain from the use of alcoholic beverages. (Docket Entry No. 8, Exhibit B, p. 17.) He was interviewed the next day, at which time he expressly and in writing admitted to the parole violations and waived both a preliminary hearing and a revocation hearing. *Id*., p. 19–20. On September 10, 2009, the Board voted not to revoke petitioner's parole at that time, pending adjudication of the DWI criminal charges. *Id*., p. 17.

The criminal charges were adjudicated with a misdemeanor conviction for DWI on March 1, 2010, with a 180-day sentence. The parole revocation proceedings were reinstated based on the new conviction, and petitioner was again interviewed on March 22, 2010. Because the revocation charges included the new DWI conviction, petitioner was not provided a preliminary hearing, as shown by the acknowledgment of rights signed by petitioner on March 22, 2010:

> You have the right to have a preliminary hearing *if you have not been convicted of a new offense*. This hearing will be held at or near the place of the alleged parole or mandatory supervision violation. The purpose of the preliminary hearing is to determine whether there is probable cause or reasonable grounds to believe you violated a condition of your release.
>
> You have the right to have a revocation hearing if you are alleged to have committed technical violations *or you are found guilty in a criminal case*. However, if you receive a felony conviction with a term of incarceration in a penal institution, you will be allowed only a limited hearing in order to explain why you should not be revoked. You must request this mitigation hearing.

(Docket Entry No. 8, Exhibit B, p. 13, emphasis added.) Within the acknowledgment of rights, petitioner was informed in writing of three alleged parole violations: the DWI conviction, use of alcoholic beverages, and failure to pay his supervisory fees. *Id*., p. 14. The record shows that petitioner checked and initialed his admission that he committed each of the three alleged violations. *Id*. The acknowledgment further shows that petitioner signed the following waiver of a revocation hearing:

> I do not want a REVOCATION hearing. I understand that the parole officer has no authority to make promises as to what will happen if I do not have a hearing. I also understand that the Parole Board will, in all probability, revoke. I have not been coerced into signing this waiver. By signing this waiver, I admit to one or more of the violations listed in Section B.

*Id*., p. 15. Petitioner's revocation was subsequently revoked by the Board, and he was returned to prison.

Petitioner claimed in his state habeas application that his parole was revoked without a new conviction; that he never received a preliminary hearing; and that he did not waive a revocation hearing because he is dyslexic and "cannot read or write." (Docket Entry No. 5-1,

7

p. 10.) The trial court took no action on the application and, under state law, the application was deemed denied and forwarded to the Texas Court of Criminal Appeals. (Docket Entry Np. 5-1, p. 27.) The Texas Court of Criminal Appeals subsequently denied habeas relief. Accordingly, the state court's implied findings that petitioner was not entitled to a preliminary hearing and that he knowingly and voluntarily executed the hearing waiver and pleaded true to the parole violations are presumed correct by this Court unless petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31.

Petitioner claims that federal due process entitled him to a preliminary hearing. There is no legal support for this argument, because petitioner's revocation was based on his subsequent DWI conviction, which obviated the need for a preliminary hearing. *See Moody v. Daggett*, 429 U.S. 78, 86 n. 7 (1977). It is undisputed that petitioner was convicted for DWI on March 1, 2010, and that the conviction formed the basis for the revocation proceedings. Even assuming petitioner had a federal due process right to a preliminary hearing arising by way of state law, habeas relief is not appropriate unless the error had a "substantial and injurious effect or influence" in determining the outcome of the parole revocation proceeding. *See Fry v. Pliler*, 551 U.S. 112, 121–22 (2007); *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993). Here, petitioner's revocation was based on his uncontroverted new DWI conviction. Petitioner does not argue, much less prove, that the

outcome of that proceeding would have been different had he been given a preliminary hearing. Consequently, petitioner is not entitled to habeas relief under this argument.

Moreover, petitioner's conclusory allegations of dyslexia and inabilities to read or write do not constitute probative evidence raising a genuine issue of material fact precluding summary judgment. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Petitioner presents no probative evidence that he was dyslexic or unable to read and write when he executed the hearing waiver and acknowledged his violations of parole, and he fails to rebut the presumed correctness of the state court's implied findings with clear and convincing evidence. Petitioner does not deny that he signed the documents, nor does he assert that he informed officials during the interview that he could not read or write.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on petitioner's due process issues.

  B. <u>Restoration of Good Time Credits and Re-Release to Parole</u>

Petitioner complains that, following his return to prison, his previously accrued good time credits were not restored after ninety-days of good behavior. He claims that Senate Bill

9

1167 authorized the restoration of his prior accrued good time credits after ninety days, and that any subsequent change in this law, or the prison's refusal to restore his good time credits pursuant to this law, violated his *ex post facto* protections. He further contends that this same statutory provision required his re-release to parole after ninety-days good behavior in prison. Habeas relief under petitioner's arguments is unwarranted, as he misconstrues the applicable law.

Senate Bill 1167, codified as former article 6181-1, section 4, of the Texas Revised Civil Statutes, provided in relevant part as follows:

> Good conduct time applies only to eligibility for parole or mandatory supervision as provided in Section 15, Article 42.12, Code of Criminal Procedure, 1965, as amended, and shall not otherwise affect the inmate's term. Good conduct time is a privilege and not a right[.] Upon revocation of parole or mandatory supervision, the inmate loses all good conduct time previously accrued, but upon return to the department may accrue new good conduct time for subsequent time served in the department. The director may, however, restore good conduct time forfeited upon revocations not involving criminal convictions after an inmate has served a reasonable period of good behavior in the department, to be no less than three months, subject to the rules and policies promulgated by the department.

This provision was subsequently recodified at former section 498.004(b) of the Texas Government Code. In 1992, at the time petitioner committed his holding offense of burglary of a habitation, the statute provided as follows:

> On the revocation of parole or mandatory supervision of an inmate, the inmate forfeits all good conduct time previously accrued. On return to the institutional division the inmate may accrue new good time conduct for subsequent time served in the division. The director of the institutional division may restore good conduct time forfeited on a revocation that does not

10

> involve a new criminal conviction after the inmate has served at least three months of good behavior in the institutional division, subject to rules adopted by the division.

TEX. GOV. CODE § 498.004(b).

The provision has consistently given prison directors authority to restore prior good time credit under certain circumstances. Contrary to petitioner's claims, the statute has never *mandated* that the inmate's prior accrued credit be restored. Consequently, petitioner raises no *ex post facto* issue regarding restoration of his good time credits. To the extent petitioner claims that the provision required his re-release to parole after ninety-days good conduct following parole revocation, the statute contains no such allowance.

The state courts denied habeas relief under these claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on these issues.

### C.    Two-Year "Set Off" Date

Petitioner complains that his parole reviews were changed from annual reviews to reviews only every two years, in violation of his protections against *ex post facto* laws. The trial court impliedly determined that this change did not constitute an *ex post facto* violation.

Petitioner's claim is groundless under Fifth Circuit Court of Appeals precedent, and merits no additional consideration by this Court. The Fifth Circuit recognizes that laws

11

giving the Board the ability to impose longer set-offs between parole reviews create only a speculative risk of increased punishment and do not violate the *ex post facto* clause. *Morris v. Aycock*, 350 F. App'x 894, 897 (5th Cir. 2009); *Olstad v. Collier*, 326 F. App'x 261, 263 (5th Cir. 2009).

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 8) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED as moot.

The Clerk of Court will provide a copy of this order to the parties.

Signed at Houston, Texas on January 20, 2012.

Gray H. Miller
United States District Judge